# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERALD L. POLZIN,

Plaintiff,

-vs-                                          Case No.   13-CV-147

PETER ERICKSEN and CO KAZIK,

Defendants.

# SCREENING ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $12.65 and an additional partial filing fee of $11.46.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On April 4, 2013, the plaintiff filed a motion to amend the complaint along with a proposed amended complaint. The court will grant the motion and screen the amended complaint. *See* Fed. R. Civ. P. 15(a)(1).

The plaintiff is incarcerated at Green Bay Correctional Institution ("GBCI"). He was housed on disciplinary separation status in GBCI's Treatment Center at all times relevant. The defendants are: GBCI Security Director Peter Ericksen; Correctional Officer

3

Kazik; Deputy Warden Michael Baenen; and John Does, who are GBCI employees responsible for the Treatment Center policy.

According to the amended complaint, on August 1, 2010, defendant Kazik, prior to escorting the plaintiff from his cell to the prison law library, placed handcuffs on the plaintiff's wrists so tightly that they caused permanent damage to his nerves and tendons. He then secured the plaintiff's hands to a waist restraint that was also too tight. The plaintiff repeatedly asked defendant Kazik to loosen the restraints, but he refused and informed the plaintiff that he had to work in the law library with his hands cuffed and secured to his waist restraints. Defendant Kazik then left the law library. After about forty-five minutes of attempting to work, the plaintiff could not take the pain any longer, left his assigned area, and found Sergeant Platten, who immediately loosened the restraints because they were on too tight. The plaintiff returned to the law library to finish the time he had left there.

When defendant Kazik returned to library to escort the plaintiff back to his cell, the plaintiff told him that after forty-five minutes working in library he had sought out Sergeant Platten to loosen the restraints. Defendant Kazik responded that when he placed the restraints on another inmate, that inmate had only lasted fifteen minutes because of the pain caused by the restraints. The plaintiff alleges that defendant Kazik's action were malicious and sadistic, and that he knew that his actions would cause pain.

The plaintiff continued to have pain in his right wrist after the restraints were removed and on August 16, 2010, he was diagnosed with tendon and nerve injury in his right

4

wrist. He was given anti-inflammatory and pain medications. In April 2011, a nurse informed the plaintiff that he might always have pain in his wrist. He had a cortisone shot in his right wrist in June 2011, to heal the damaged tendon and nerve, but the treatment was unsuccessful. Today the plaintiff suffers from chronic pain in his right wrist which limits the use of his right hand and he continues to take pain medication.

Defendants Ericksen, Baenen, and John Does have a policy under which inmates on disciplinary separation status housed in the Treatment Center, as the plaintiff was, must work in the law library with both hands in handcuffs and secured to their waist in a waist restraint. According to the plaintiff, this form of restraint makes it painful and nearly impossible for inmates to write, read, and use the computer. However, inmates on disciplinary separation status housed in the Segregation Building have their hands secured in handcuffs which are then attached to a chain that is attached to the computer desk, allowing the inmates to reach the computer keyboard and write without difficulty, pain, or injury. Both groups of inmates are similarly situated.

The plaintiff claims that defendant Kazik used excessive force in restraining him, and caused him unnecessary pain and suffering, in violation of his rights under the Eighth Amendment. He also claims that defendant Kazik violated his right to equal protection under the Fourteenth Amendment. The plaintiff claims that defendants Ericksen, Baenen, and John Does' Treatment Center law library policy resulted in unnecessary pain and suffering in violation of the Eighth Amendment and his Fourteenth Amendment right to

5

equal protection. He further claims that all defendants violated his rights under Wis. Admin. Code § DOC 306.11 and Wis. Stat. § 302.08. The plaintiff also brings a state law battery tort claim against defendant Kazik. He seeks monetary damages.

At this stage, the plaintiff may proceed on an excessive force claim against defendant Kazik based on allegations that he maliciously and sadistically injured him by placing the restraints on too tightly. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). He may also proceed on an equal protection claim against defendants Ericksen, Baenen, and John Does because he alleges that they created a policy or custom under which Treatment Center inmates are handled differently than inmates housed in the Segregation Unit, without a rational basis. *See May v. Sheahan*, 266 F.3d 876, 882 (7th Cir. 2000). At this stage of the proceedings, the plaintiff may also proceed on his supplemental state law claims against the defendants. *See* 28 U.S.C. § 1367(a). The plaintiff should use discovery to identify the John Doe defendants.

The plaintiff may not proceed on an equal protection claim against defendant Kazik because he is not alleged to have been personally involved in that claim. *See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). Likewise, he may not proceed on an excessive force claim against defendants Ericksen, Baenen, and John Does because they are not implicated in his excessive force claim. *See id.*

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **GRANTED**.

6

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to amend complaint (Docket # 7) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the proposed amended complaint (Docket # 7) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $325.89 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the

7

institution where the inmate is confined.

IT IS FURTHER ORDERED that, pursuant to the Prisoner E-Filing Pilot Project, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Pilot Project is in effect only at Green Bay Correctional Institution and, therefore, if the plaintiff is no longer incarcerated there, he will be required to submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2013.

SO ORDERED,

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

8